SUSAN G. KUMLI
Acting Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
ADRIANA AHUMADA
Cal. Bar No. 274295
Trial Attorney
RACHEL UEMOTO
Cal. Bar No. 335405
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: 415-625-7742
Ahumada.Adriana.E@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,
United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>            Plaintiff,<br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>            Defendants. | Case No. 3:21-cv-06808<br><br>**COMPLAINT – LABOR; 29 U.S.C. §660** |

**COMPLAINT**

1.  Plaintiff Eugene Scalia, Secretary of Labor, U.S. Department of Labor ("Plaintiff" or the "Secretary"), brings this action for injunctive and other relief, pursuant to Section 11(c) of the Occupational Safety and Health Act of 1970, as amended, (29 U.S.C. §§ 651-78) ("the Act"), seeking to enforce the provisions of Section 11(c) of the Act.

2.  Jurisdiction of this action is conferred upon the Court by Section 11(c) of the Act, 29 U.S.C. § 660(c)(2).

3. Defendant United States Postal Service ("USPS") sorts and delivers mail out of a facility located in San Francisco, California, within the jurisdiction of this Court. Defendant USPS is now, and was at all relevant times, a person as defined in 29 U.S.C. § 652(4)-(6).

4. USPS hired Macauley Guerrero as a mail carrier on May 26, 2018, subject to completion of a 90-day probationary period, which was scheduled to end on August 24, 2018. Mr. Guerrero's last day of employment with USPS was July 10, 2018. At all relevant times, Mr. Guerrero was an employee of USPS as defined in 29 U.S.C. §§ 652 (5)-(6).

5. On June 25, 2018, Mr. Guerrero suffered an injury at work while he was still a probationary employee.

6. Mr. Guerrero reported the injury to his direct supervisor, Glorvies Deguzman, on June 25, 2018.

7. Mr. Guerrero went to the doctor on June 26, 2018. After evaluating Mr. Guerrero, the doctor placed Mr. Guerrero on limited duty for two weeks.

8. Ms. Deguzman interviewed Mr. Guerrero about his injury on June 26, 2018. Ms. Deguzman thereafter offered to place Mr. Guerrero on a 14-day limited duty assignment to case mail, which Mr. Guerrero accepted.

9. On June 27, 2018, Ms. Deguzman completed Mr. Guerrero's first of three probationary evaluations, which was already two days overdue. The evaluation stated that Guerrero's performance was unsatisfactory in five of six performance areas: work quantity, work quality, dependability, work methods, and personal conduct. No comments about Mr. Guerrero's performance were included, even though the evaluation form provided space for such comments. USPS had never evaluated Mr. Guerrero before he sustained an injury on the job.

10. On July 10, 2018, USPS issued Mr. Guerrero a letter dismissing him from employment effective that same day. That letter explained that USPS was terminating Mr. Guerrero because he had been unavailable for performance evaluation or his assigned duties due to injury.

11. On July 13, 2018, Mr. Guerrero filed a whistleblower complaint with the

Occupational Safety and Health Administration alleging that the Defendant discriminated against him in violation of §11(c)(1) of the Act, 29 U.S.C. § 660(c)(1).

12. Plaintiff investigated the whistleblower complaint in accordance with §11(c)(2) of the Act and determined that Defendant violated §11(c)(1) of the Act. 29 U.S.C. §§ 660(c)(1)-(2).

13. By the acts above above, and by each of said acts, Defendant discharged Mr. Guerrero because Mr. Guerrero exercised his rights under or related to the Act, i.e. reporting a work place injury, and thereby Defendant engaged in, and is engaging in, conduct in violation of §11(c)(1) of the Act. 29 U.S.C. § 660(c)(1).

## **PRAYER FOR RELIEF**

1. WHEREFORE, cause having been shown, the Secretary of Labor prays for a Judgment against Defendant as follows:

(1) For an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. §660(c)(1); and

(2) For all appropriate relief as follows:

   a. Payment to Mr. Guerrero for lost wages and benefits including interest thereon, compensatory damages, plus pre- and post-judgment interest accruing thereon; and

   b. For an Order directing Defendant to expunge any adverse references from Mr. Guerrero's personnel record and reinstate Mr. Guerrero with full-time employment and all attendant benefits and privileges; and

   c. For an Order directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act; and

   d. For an Order requiring posting in a prominent place at Defendant USPS' Madera, California facility for 90 (ninety) days a Notice stating Defendant will not in any manner discriminate against employees because of engagement,

whether real, perceived, or suspected, in activities protected by Section 11(c) of the Act; and

e.    For an Order granting such other and further relief as may be necessary and appropriate in this action, including costs and attorneys' fees.

Respectfully submitted this 1st day of September, 2021.

    SEEMA NANDA
    Solicitor of Labor

    SUSAN G. KUMLI
    Acting Regional Solicitor

    BRUCE L. BROWN
    Associate Regional Solicitor


    By: <u>/s/Adriana Ahumada</u>

    ADRIANA AHUMADA
    Trial Attorney
    U.S. DEPARTMENT OF LABOR

    RACHEL A. UEMOTO
    Trial Attorney