SUSAN G. KUMLI
Acting Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
ADRIANA AHUMADA
Cal. Bar No. 274295
Trial Attorney
RACHEL UEMOTO
Cal. Bar No. 335405
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: 415-625-7742
Ahumada.Adriana.E@dol.gov
*Attorneys for Plaintiff Martin J. Walsh,*
*United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                    Plaintiff,<br>                 v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                    Defendant. | Case No. 3:21-cv-06808<br><br>**Joint Case Management Statement &<br>[Proposed] Order** |

The parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All

Judges of the Northern District of California dated November 1, 2018 and Civil Local Rule 16-9.

**1.  Jurisdiction and Service**

The Occupational Safety and Health Act of 1970, 29 U.S.C. § 660(c)(2) and 28 U.S.C.

§ 1331 provide this Court with subject matter jurisdiction in this case.  The sole Defendant in this

case has been served and filed an Answer to the Complaint.

//

**2.  Facts**

*The Secretary's Contentions:*

The U.S. Department of Labor's Occupational Safety and Health Administration (OSHA) conducted an investigation into Mr. Guerrero's termination from his position with the U.S. Postal Service. From that investigation, OSHA learned the following facts showing that the U.S. Postal Service violated the Occupational Safety and Health Act (OSH Act).

When Mr. Macauley Guerrero started working for the U.S. Postal Service as a City Carrier Assistant, he was placed on a 90-day probationary period for new hires. Thirty days into his probationary period, Mr. Guerrero was injured on the job. Mr. Guerrero called his supervisor immediately to report the injury and sought medical care.  A doctor diagnosed Mr. Guerrero with an injury and asked that the U.S. Postal Service place him on limited duty for two weeks, which it did.

Two days after Mr. Guerrero was injured, his supervisor completed his first performance evaluation, concluding that his performance was unsatisfactory in five of six criteria.  Mr. Guerrero's supervisor did not explain the basis for this poor evaluation despite having space to provide comments.

On July 10, 2018, the day that Mr. Guerrero's doctor cleared him to return to full duty, the U.S. Postal Service terminated him.  Mr. Guerrero's supervisor provided him with a letter explaining that the U.S. Postal Service was terminating him because: "*You have currently been made unavailable for evaluation performance or your assigned duties due to an injury*."  Mr. Guerrero was only 45 days into his probationary period.

Mr. Guerrero filed a complaint with OSHA on July 13, 2018.

*The U.S. Postal Service's Contentions:*

Mr. Guerrero joined the Postal Service as a City Carrier Assistant ("CCA") at the Marina Station in San Francisco, California, on or around May 26, 2018, subjected to a completion of a 90-day probationary/evaluation period.

As a CCA, Mr. Guerrero would be hired for a term not to exceed 360 calendar days per

appointment and would be guaranteed no daily or weekly work hours, pursuant to the applicable collective bargaining agreement.

Mr. Guerrero stated that he had some back pain while at work on or around June 25, 2018. Mr. Guerrero submitted some medical documentation to the Marina Station, indicating he visited a doctor on June 26, 2018 and that the doctor recommended the Marina Station place him on modified activity with some work restrictions, or, in the alternative, place him at home, from June 26, 2018 through July 10, 2018. Manager, Customer Services ("MCS") Glorvies Deguzman then promptly provided Mr. Guerrero with an Offer of Modified Assignment (Limited Duty), dated June 26, 2018, to case open routes for four hours per day. Mr. Guerrero accepted this modified assignment offer.

As a probationary employee, Mr. Guerrero was evaluated by his supervisor/manager on a frequent basis. Based on the record, MCS Deguzman signed on Mr. Guerrero's 30-Day Employee Evaluation and/or Probationary Report (Postal Service Form 1750) on June 27, 2018 and noted on the Form 1750 that the 30-Day Report was completed by June 25, 2018. MCS Deguzman determined Mr. Guerrero's performance was unacceptable in almost every aspect throughout his first 30-day performance by entering U (U=Unacceptable, based on the instruction of the Form 1750) as the rating for five of the total six factors, including Work Quantity (Factor A), Work Quality (Factor B), Dependability (Factor C), Work Methods (Factor E), and Personal Conduct (Factor F). Probationary employees may be terminated at any time within the probationary period for any reason or for no reason, with or without cause based on the Postal Service's policies and applicable collective bargaining agreement. Postal Service policies require management to separate probationary employees as soon as it becomes evident that they are unable to meet the requirements of their position.

On or around June 29, 2018, the Postal Service assisted Mr. Guerrero with filing a workers' compensatory claim, and the Postal Service promptly process his claim.

On or around July 10, 2018, the Postal Service issued Mr. Guerrero a Notice of Separation During Probation Period, dated July 10, 2018, ("Notice") separating Mr. Guerrero

from his probationary employment with the Postal Service. The reason for separating Mr. Guerrero, based on the Notice, is documented as "Termination During Probation- Unacceptable Performance."

After Mr. Guerrero's probationary employment was terminated, Mr. Guerrero filed a complaint with the Occupational Safety and Health Administration ("OSHA"), alleging that the USPS discriminated and/or retaliated against him in violation of §11(c)(1) of the Act, 29 U.S.C. § 660(c)(1) (the "OSH Act"). The Postal Service takes retaliation and/or discrimination claims in violation of the OSH Act seriously. Therefore, the Postal Service thoroughly investigated Mr. Guerrero's complaint when responding to the OSHA investigator's requests for submitting a position statement on or around August 13, 2018. The Postal Service found that no violations of the OSH Act occurred as Mr. Guerrero's performance deficiencies were supported by the record. Also, Mr. Guerrero was not treated less favorably than those similarly situated employees without work-related injuries, *i.e.*, those temporary/non-career probationary employees who could not complete their probationary period satisfactorily.

### 3. Legal Disputes

***The Secretary's Contentions:***

The Secretary contends that the United States Postal Service violated the Occupational Safety and Health Act, 29 U.S.C. § 660(c)(2) by terminating Macauley Guerrero for reporting a workplace injury.

***The U.S. Postal Service's Contentions:***

The Postal Service contends that Mr. Guerrero's OSH ACT protected activity was not the "but-for" reason for its decision to terminate his temporary employment and that the Postal Service did not violate the Occupational Safety and Health Act, 29 U.S.C. § 660(c)(2) as a result.

### 4. Motions

There are no prior or pending motions.

### 5. Amendment of Pleadings

The Secretary anticipates filing an amended complaint to fix small errors in the first

paragraph and his request for relief.

**6.  Evidence Preservation**

The parties do not believe that electronic evidence is at issue in this case.

**7.  Disclosures**

Counsel for the Parties conducted a virtual meet and confer Fed. R. Civ. Pro. 26(f) conference on Wednesday, November 10, and Friday, November 12, 2021.  During these conferences, the Parties stipulated that initial disclosures are required by Fed. R. Civ. Pro. 26(a)(1)(C), and that initial disclosures shall be made no later than January 31, 2022.

**8.  Discovery**

The Parties have not yet initiated discovery.

The Parties propose this discovery plan:

i.      The Secretary asserts that he will need discovery on Macauley Guerrero's hiring, employment, and termination with the U.S. Postal Service as well as any defenses that Defendant asserts, including the defenses asserted in Defendant's answer.  The Secretary also intends to depose Mr. Guerrero's supervisors, any other individual responsible for wrongfully terminating Macauley Guerrero, and any physicians treating Mr. Guerrero for his work-related injury.  The Secretary will also need discovery on Mr. Guerrero's benefits and wages.  The Secretary further reserves the right to discovery on any subject raised by Defendant during the course of this litigation.

ii.      Defendant asserts that, based on the complaint's allegations, discovery will be necessary on Mr. Guerrero's employment and termination with the Postal Service. The Postal Service anticipates discovery will include, but not be limited to, Mr. Guerrero's performance of his duties both before and after his injury, his alleged damages, and his efforts to mitigate damages. Defendant intends to depose Mr. Guerrero as part of discovery. Defendant further reserves the right to conduct discovery on any subject raised by Plaintiff during the course of this litigation.

iii.      Discovery will commence on December 15, 2021 and will be complete by May

16, 2022.

    iv.      The Parties request pre-trial conferences on dates that the Court determines appropriate and as the Parties may request as discovery progresses.

    v.      All dispositive motions shall be filed no later than July 22, 2022.

    vi.      The Court's schedule permitting, the Parties request that trial should commence no later than January 23, 2023.

**9.  Class Actions**

Not Applicable.

**10. Related Cases**

The Parties are unaware of any related cases.

**11. Relief**

The Secretary requests the following relief:

a.  Payment to Mr. Guerrero for lost wages and benefits including interest thereon, compensatory damages, plus pre- and post-judgment interest accruing thereon, which the Secretary estimates are at least $175,000 and reserves the right to modify the damages sought; and

b.  An Order:

    i.      Permanently enjoining Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act in their behalf and interest from violating the provisions of § 11(c)(1) of the Act, 29 U.S.C. §660(c)(1);

    ii.      Directing Defendant to expunge any adverse references from Mr. Guerrero's personnel record and offer reinstatement to Mr. Guerrero with full-time employment and all attendant benefits and privileges;

    iii.      Directing Defendant USPS and its officers, supervisors, and lead employees to be trained in the whistleblower provisions of the Act;

    iv.      Requiring posting in a prominent place at Defendant USPS' San Francisco, California facility where Mr. Guerrero worked for 90 (ninety) days a Notice

1    stating Defendant will not in any manner discriminate against employees
2    because of engagement, whether real, perceived, or suspected, in activities
3    protected by Section 11(c) of the Act; and

4    v.    Granting such other and further relief as may be necessary and appropriate in
5          this action, including costs and attorneys' fees.

6    Defendant requests the following relief:

7    An Order:

8    a.    Dismissing all claims in Plaintiff's complaint, with prejudice; and

9    b.    Granting Defendant such further relief as this Court deems just and proper.

10   **12. Settlement & ADR**

11   At this time, the Parties believe that a Settlement Conference with Magistrate Judge
12   would be appropriate after some initial discovery.  The Parties therefore request a Settlement
13   Conference with a Magistrate Judge during the first half of March 2022.  The Parties will not
14   conduct any depositions before the second half of March 2022.

15   **13. Consent to Magistrate for All Purposes**

16   Do **all** parties will consent to have a magistrate judge conduct all further proceedings
17   including trial and entry of judgment. **Yes.**

18   **14. Other References**

19   The Parties do not believe this case is suitable for binding arbitration.

20   **15. Narrowing of Issues**

21   The Parties agree to attempt to narrow the issues by agreement to expedite the
22   presentation of evidence at trial by stipulation.

23   **16. Expedited Trial Procedure**

24   The Parties agree that this case is not suitable for expedited trial.

25   **17. Schedule**

26   a.    The Parties request pretrial conferences on dates that the Court determines
27   appropriate and as the Parties may request as discovery progresses.

28

b.     All dispositive motions shall be filed no later than July 22, 2022.

c.     The Parties suggest that a trial should commence in January 23, 2023.

**18. Trial**

The U.S. Postal Service has requested a jury trial.  The Parties anticipate that a trial would last 3 days.

**19. Disclosure of Non-Party Interest Entities or Persons**

Civil Local Rule 3-15 does not apply to the Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor.

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

The Parties do not believe that there are other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted this 23rd day of November, 2021.

UNITED STATES POSTAL SERVICE
Employment Law Office - West
1300 Evans Ave., Rm. 217
P.O. Box 883790
San Francisco, CA  94188-3790


By: /s/ Corey Randenberg
COREY J. RANDENBERG
Attorney

YVONNE EVERETT
Attorney

Attorneys for Defendant
U.S. POSTAL SERVICE

SEEMA NANDA
Solicitor of Labor

SUSAN G. KUMLI
Acting Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

RACHEL A. UEMOTO
Trial Attorney

By: /s/Adriana Ahumada
ADRIANA AHUMADA
Trial Attorney

Attorneys for Plaintiff
U.S. DEPARTMENT OF LABOR

1

## **CASE MANAGEMENT ORDER**

2   The above JOINT MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the

3   Case Management Order for this case and all parties shall comply with its provisions. [in

4   addition, the Court makes the further orders stated below:]

5

6   IT IS SO ORDERED.

7   DATED: _____, 2021

8

9                                     UNITED STATES DISTRICT/MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28